**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAMES QUINCY WILKINSON,

        Defendant - Appellant.

No. 13-30252

D.C. No. 3:12-cr-05088-BHS-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 11, 2014
Seattle, Washington

Before:  McKEOWN, TALLMAN, and OWENS, Circuit Judges.

James Quincy Wilkinson appeals the district court's denial of his motion to

suppress and his fifteen-year mandatory-minimum sentence imposed under the

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) (2012), following

his bench-trial conviction of being a felon in possession of a firearm in violation of

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

18 U.S.C. § 922(g)(1) (2012). We have jurisdiction under 28 U.S.C. § 1291 (2012) and 18 U.S.C. § 3742 (2012). We review de novo a district court's denial of a motion to suppress. *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009). But we review the underlying factual findings for clear error. *Id.* We review de novo whether a prior conviction constitutes a predicate felony under the ACCA. *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc). We affirm in part, vacate the sentence, and remand for resentencing.

The district court did not err in denying Wilkinson's motion to suppress. Based on the totality of the circumstances, the officers had probable cause at the time of the entry to believe that Wilkinson resided at the apartment with S.C. The district court did not clearly err in crediting Officer Ringer, who testified that S.C. said that she lived with Wilkinson at her apartment. *Rodriguez v. Holder*, 683 F.3d 1164, 1176-77 (9th Cir. 2012). Surveillance corroborated her statement: Officers saw cars associated with Wilkinson at the apartment on three occasions. They also spoke with the apartment manager who confirmed that Wilkinson had been present at the apartment and had occasionally paid the rent. S.C.'s corroborated statement is sufficient to support a finding of probable cause that Wilkinson resided at the apartment, *see United States v. Conway*, 122 F.3d 841 (9th Cir. 1997); *United States v. Watts*, 67 F.3d 790, 793 (9th Cir.), *rev'd on other grounds*, 519 U.S. 148

13-30252

(1997), whether or not he may have maintained another residence elsewhere, *see United States v. Grandberry*, 730 F.3d 968, 978 n.9 (9th Cir. 2013) (noting that a parolee may have more than one residence subject to warrantless search).

Wilkinson further argues that the district court erred in deciding that his 1994 residential burglary conviction was a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), and we agree.[1]

Wilkinson was convicted under section 9A.52.025 of the Revised Code of Washington, under which "[a] person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." Wash. Rev. Code § 9A.52.025 (1994). Section 9A.52.025 is broader than generic burglary because it does not require "an unlawful entry along the lines of breaking and entering." *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). Rather, a person also may be guilty of residential burglary without an unlawful entry if he enters lawfully under a limited license and proceeds to exceed the scope of that implied license, and hence "remains unlawfully." *State v. Collins*, 751 P.2d 837, 838

---

[1] Because of the government's waiver, we do not decide if the residential burglary conviction qualifies as a violent felony under the ACCA's residual clause because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

(Wash. 1998). Because of its alternative means for conviction—unlawful entry and remaining unlawfully—section 9A.52.025 is not a categorical match to generic burglary.

"When a state law is drafted in the alternative, the court merely resorts to the approved documents and compares the elements revealed there to those of the generic offense." *Descamps*, 133 S. Ct. at 2285 n.2. Here, the charging information stated that Wilkinson "did enter and remain unlawfully in the dwelling of" the victim. The plea agreement and charging documents reveal that substantial evidence supported both alternative means. *See State v. Johnson*, 132 P.3d 737, 741 (Wash. App. 2006) (residential burglary may be charged as an alternative-means crime if substantial evidence supports both means). At no point did the prosecutor elect between the two alternative means. Wilkinson was charged and convicted, then, of a crime including the single, indivisible element of "enters or remains unlawfully." Because that crime is broader than generic burglary, it is not an ACCA violent felony, and the district court erred in concluding otherwise. *See Descamps*, 133 S. Ct. at 2283-85. Therefore, we vacate the sentence and remand for resentencing.

Because we conclude that the residential burglary statute, as charged in this case, is overbroad and indivisible as to the "enters or remains unlawfully" element,

we need not reach Wilkinson's remaining arguments.  The government's motion for judicial notice is denied as moot.

**AFFIRMED in part, VACATED, and REMANDED.**